**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| McShawn Antoine Mack, | ) | Cr. No. 5:11-2384-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Antoine Mack ("Movant"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. Factual and Procedural Background

On December 20, 2011 a grand jury returned an indictment against Movant charging him with three counts of violating federal drug and firearm laws. ECF No. 2. The charges included conspiracy to violate the federal drug laws in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846 (Count 1), possession with intent to distribute crack cocaine in violation of § 841 (Count 5), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 6). ECF No. 2. The Government filed an information pursuant to 21 U.S.C. § 851 on February 7, 2012, notifying Movant that he was subject to increased penalties based upon three prior criminal convictions for conspiracy to distribute crack cocaine and distribution of crack cocaine. ECF No. 34.

Pursuant to a written plea agreement, Movant pleaded guilty on April 25, 2012, to Counts 1 and 6. ECF Nos. 71, 72 and 74. Relevant to the within § 2255 motion, in the written plea agreement Movant "stipulate[d] and agree[d] that he has three (3) prior felony drug conviction(s)."

1

ECF No. 72 at 7, ¶ 10. Movant agreed not to contest the information filed pursuant to 21 U.S.C. § 851 establishing his prior convictions and subjecting him to enhanced penalties. *Id*. at 7-8, ¶ 10. Provided Movant complied with the provisions of the plea agreement, the Government agreed in the plea agreement to withdraw at sentencing two of the three sentencing enhancements based on the admitted prior felony drug convictions. *Id*. at 8, ¶ 11. Additionally, "in exchange for the concessions made by the Government in [the Plea Agreement]," Movant waived "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255," with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 11, ¶ 15.

The court held a sentencing hearing on July 24, 2012. ECF No. 84. The court withdrew two enhancements pursuant the plea agreement. Accordingly, the court sentenced Movant to 300 months imprisonment, consisting of mandatory minimum sentences of 240 months as to Count 1 and 60 months as to Count 6, to be served consecutively. ECF No. 86. On August 21, 2013, Movant filed the within § 2255 motion. ECF No. 98. On September 18, 2013, the Government filed a response in opposition and moved for summary judgment. ECF Nos. 101-02. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on September 18, 2013, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 103. Movant filed a reply on September 30, 2013. ECF No. 105.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable

jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

### III. Section 2255 Motion

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief).[1]

---

[1] The right to challenge a sentence pursuant to § 2255 may be waived, provided the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The Government has asserted that Movant waived his right in the Plea

Movant argues that he was improperly subjected to increased sentencing penalties on the basis of his prior convictions because the fact of the prior conviction was not submitted to the jury and proved beyond a reasonable doubt. In support of this argument Movant cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Alleyne* does not, however, require the fact of a prior conviction to be submitted to the jury.

In *Almendarez-Torrez*, the United States Supreme Court held that prior criminal convictions are "sentencing factors." *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Recidivism, therefore, need not be treated as an element of Movant's offense and need not have been submitted to the jury for proof beyond a reasonable doubt. *See id.* at 247; *see also, United States v. Booker,* 543 U.S. 220, 244 (2005) (explaining, when discussing the rule of *Apprendi* which was extended by *Alleyne,* that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt") (emphasis added); *United States v. Wynn,* 531 F. App'x 596, 597 (6th Cir. 2013) (holding that the Supreme Court's decision in *Alleyne* did not undermine the rule set forth in *Almendarez–Torres* that the fact of a prior conviction does not need to be set forth in the indictment and proven beyond a reasonable doubt). The United States Supreme Court specifically noted that *Alleyne* did not disturb the Court's previous decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *Alleyne v. United States*, 133 S. Ct. at 2160 n.1 ("[W]e recognized a narrow exception to [the rule of *Alleyne*] for the fact of a prior conviction. Because the parties do

---

Agreement to bring the challenge contained in the instant § 2255 motion. Rather than incur the expense of requesting the transcripts of Movant's Rule 11 plea colloquy and sentencing hearing to make the necessary factual findings that the waiver was knowing and voluntary, the court simply addresses the merits of Movant's § 2255 motion.

4

not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

The law is clear that the fact of Movant's prior convictions did not need to be submitted to the jury for proof beyond a reasonable doubt in order to enhance Movant's sentence. Accordingly, the court concludes that Movant's § 2255 motion lacks merit.

## IV. Conclusion

For the foregoing reasons, Movant's § 2255 motion (ECF No. 98) is **DENIED**, the Government's motion for summary judgment (ECF No. 102) is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

                                        s/ Margaret B. Seymour
                                        Margaret B. Seymour
                                        Senior United States District Judge

January 9, 2015
Columbia, South Carolina