IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| McShawn Antoine Mack, | ) | Cr. No. 5:11-2384-MBS |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the court is a motion by Antoine Mack ("Movant"), a prisoner proceeding *pro se*, to compel Respondent United States of America ("the Government") to file a motion pursuant to Federal Rules of Criminal Procedure 35(b).

**I. Factual and Procedural Background**

On December 20, 2011, a grand jury returned an indictment against Movant charging him with three counts of violating federal drug and firearm laws. ECF No. 2. The charges included conspiracy to violate the federal drug laws in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846 (Count 1), possession with intent to distribute crack cocaine in violation of § 841 (Count 5), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 6). ECF No. 2. The Government filed an information pursuant to 21 U.S.C. § 851 on February 7, 2012, notifying Movant that he was subject to increased penalties based upon three prior criminal convictions for conspiracy to distribute crack cocaine and distribution of crack cocaine. ECF No. 34.

Pursuant to a written plea agreement, Movant pleaded guilty on April 25, 2012, to Counts 1 and 6. ECF Nos. 71, 72 and 74. Relevant to the within motion, Paragraph 12 of the plea

1

agreement contained the following:

> Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines § 5K1.1, Title 18, United States Code, § 3553(e), **OR** Federal Rule of Criminal Procedure 35(b).

ECF No. 72 at 8, ¶ 12 (emphasis in the original). Paragraph 6 of the Plea Agreement contained a breach provision: "In the event the Defendant fails to comply with any of the provisions of this Agreement . . . it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement . . . ." *Id.* at 5, ¶ 6. Finally, "in exchange for the concessions made by the Government in [the Plea Agreement]," in Paragraph 15 Movant waived "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255," with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 11, ¶ 15.

The court held a sentencing hearing on July 24, 2012. ECF No. 84. The court accepted the Government's withdrawal of two enhancements pursuant to the plea agreement. Accordingly, the court sentenced Movant to 300 months imprisonment, consisting of mandatory minimum sentences of 240 months as to Count 1 and 60 months as to Count 6, to be served consecutively. ECF No. 86.

Notwithstanding the waiver provision in his plea agreement, on August 21, 2013, Movant filed a § 2255 motion alleging that he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013) because the fact of his prior convictions was not submitted to the jury for determination beyond a reasonable doubt. ECF No. 98. The Government opposed the motion

and moved for summary judgment. ECF Nos. 101-02. In its motion for summary judgment, the Government first noted that Movant waived his right to attack his sentence under § 2255 except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. ECF No. 101 at 2. However, the bulk the of the Government's response addressed the merits of Movant's § 2255 motion. ECF No. 101 at 3-5.

While the § 2255 motion remained pending, on February 7, 2014, Movant filed a motion to compel the Government to make a motion pursuant to Federal Rule of Criminal Procedure 35(b). ECF No. 106. The Government filed a response on June 2, 2014, and Movant filed a reply on June 9, 2014. ECF Nos. 107 & 108. The Government contended that Movant was not entitled to a Rule 35(b) reduction because he breached the terms of his plea agreement when he filed a § 2255 motion in violation of the waiver provision contained in Paragraph 15. ECF No. 107 at 4 ("In light of the fact that [Movant] has clearly and expressly violated the terms of his plea agreement, the Government hereby elects to enforce paragraph 6 of the plea agreement, wherein the Government has the right, at its election, to void its obligation under the plea agreement to file a Rule 35 motion should the defendant provide substantial assistance after sentencing.").

On January 12, 2015, the court denied Movant's § 2255 motion and granted summary judgment to the Government. ECF No. 109. The court directed the Government to make a submission detailing what assistance, if any, Movant provided the Government and the Government's rationale for deeming any such assistance substantial or insubstantial for the purposes of Rule 35(b). ECF No. 111. The court further requested the Government to provide legal support for its argument that Movant's filing of a § 2255 motion negated the Government's

obligation under the agreement to make a motion under Rule 35(b) if Movant did, in fact, provide substantial assistance.  *Id*.

The Government filed the requested supplemental response on January 16, 2015.  ECF No. 113.  As it asserted in its previous response in opposition to Movant's motion to compel, the Government argues that Movant breached the terms of his plea agreement by filing a § 2255 motion on waived grounds and that, therefore, the Government is under no obligation to make a motion under Rule 35(b).  *See* ECF No. 113 at 1.  With regard to the court's request for information concerning Movant's assistance, the Government indicated that Movant provided information about drug dealing activities with six other individuals and "provided information on a number of other individuals who have been prosecuted in the District of South Carolina." *See* ECF No. 113 at 7.  The Government indicated that "had [Movant] not breached his plea agreement by filing a frivolous petition pursuant to § 2255" the Government would "likely" have requested a sentence reduction by motion under Rule 35(b).  *Id*.  The Government would have "likely" recommended a four level reduction in sentence.  *Id*.  This reduction would have resulted in a shortening of Movant's sentence by approximately thirty-two percent.  *See id.* at 7-8.

## II. Legal Standard

Whether to file a Rule 35(b) motion is a matter left to the Government's discretion.  Fed. R. Crim. P. 35(b); *United States v. Dais*, 308 F. App'x 677, 677-78 (4th Cir. 2009); *see also United States v. Dixon,* 998 F.2d 228, 230 (4th Cir.1993) (stating the rule in the context of motions for downward departures under U.S.S.G. § 5K1.1).  However, a court may remedy the Government's refusal to move for a reduction of sentence if: (1) the Government has obligated

itself in the plea agreement to move for a reduction; or (2) the Government's refusal to move for a reduction was based on an unconstitutional motive. *Wade v. United States,* 504 U.S. 181, 185-86 (1992); *see also Dais*, 308 F. App'x at 677-78 (adopting the *Wade* standard for Rule 35(b) motions). Movant nowhere alleges that the Government's refusal to make a Rule 35(b) motion is based on unconstitutional motives. The court, therefore, focuses its inquiry on (1) whether the Government obligated itself in the plea agreement to move for a reduction, and (2) if the Government does have such an obligation, whether Movant's filing of his § 2255 petition constitutes a breach of the plea agreement relieving the Government of its duty to perform. *See United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir. 1991) ("The task of the trial court is to determine if the government has in fact agreed to make the motion in return for substantial assistance, and, if so, whether the defendant has satisfied his contractual obligations.").

### III. Discussion

The interpretation of plea agreements is rooted in contract law. "[E]ach party should receive the benefit of its bargain." *United States v. Ringling,* 988 F.2d 504, 506 (4th Cir. 1993). A central tenet of contract law is that no party is obligated to provide more than is specified in the agreement itself. *United States v. Peglera*, 33 F.3d 412, 413-14 (4th Cir. 1994). The parties must live up to those promises that they do make. *Id*.

The determination of whether the Government is obligated in this case to move for a reduction of sentence is best made with reference to *Conner* and to *United States v. Wallace*, 22 F.3d 84 (4th Cir. 1994). In *Conner*, the plea agreement provided: "Should Mr. Conner provide substantial assistance . . . then the United States will recommend to the Court that any active sentence imposed . . . should not exceed thirty months." *Conner*, 930 F.2d at 1074. In Conner's

case, that promise was "the equivalent of a promise to make a § 5K1.1 motion." *Id*. at 1076.[1]

"The *Conner* agreement gave rise to an enforceable promise as a matter of simple contract law." *Wallace*, 22 F.3d at 87. By contrast, the plea agreement in *Wallace* "gave rise to no enforceable promise." *Id*. The plea agreement in *Wallace* provided that "the United States reserves its option to seek any departure . . . if in its sole discretion, the United States determines that the defendant has provided substantial assistance and that such assistance has been completed." *Id*.

The plea agreement in this case states: "provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance . . . the Government *agrees* to move the Court for a . . . reduction of sentence . . . ." ECF No. 72 at 8 (emphasis added). Although, the term "agrees" is less powerful than the term "will" of the *Conner* agreement, the court nonetheless concludes that the plea agreement in this case, like the plea agreement in *Conner*, gives rise to an enforceable promise "as a matter of simple contract law" should Movant provide substantial assistance and not otherwise breach the terms of the plea agreement.

Movant maintains, and the Government appears to concede, that Movant has provided substantial assistance. *Compare* ECF No. 106 at 2 (Movant's summary of the assistance he provided) *with* ECF No. 113 at 7-8 (the Government's summary of the assistance Movant provided and its conclusion that, in the absence of the § 2255 petition, "the Government would

---

[1] The court considers there to be no difference for the purposes of this case between the law governing the Government's decision whether to make a motion under U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35(b). *Compare United States v. Dais*, 308 F. App'x 677, 677-78 (4th Cir. 2009), *with United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993).

likely be in a position to request a sentence reduction pursuant to Rule 35(b) based on the . . . cooperation").

The court agrees with the Government that Movant's filing of the § 2255 motion constitutes a breach of his plea agreement. A plea agreement may, however, remain enforceable notwithstanding a breach by one of the parties, provided the breach was not material. *See United States v. Scruggs*, 356 F.3d 539, 543-44 (4th Cir. 2004) (evaluating the materiality of a defendant's breach to determine whether the plea agreement remained enforceable). "Central to determination of the materiality of a breach is 'the extent to which the injured party will be deprived of the benefit which he reasonably expected.'" *Scruggs*, 356 F.3d at 543 (citing Restatement (Second) of Contracts § 241); *see also United States v. Holbrook*, 207 F. Supp. 2d 472, 475 (W.D. Va. 2002) (applying this benefit-of-the-bargain factor in determining the materiality of a defendant's breach of a plea agreement). The issue before the court, therefore, is whether Movant's filing of a § 2255 motion in violation of a valid waiver is a material breach of the plea agreement that releases the Government from its obligation to move for a 35(b) reduction.[2]

In *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007), the Fourth Circuit detailed the Government's options when a defendant files a § 2255 motion after having waived his right to do so in a valid wavier provision of a plea agreement:

---

[2] The court makes no distinction between the waiver of direct-appeal rights and the waiver of collateral-attack rights in a plea agreement and considers the two the be analogous for the purposes of determining material breach. *See United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005) ("[W]e see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.").

7

> If the defendant raises issues covered by the appeal waiver, the government is free to argue that the district court's consideration of the issues are covered by the appeal waiver or that it is no longer bound by the plea agreement because the defendant is raising issues covered in the waiver. . . . The government can also ignore the appeal waiver and address the merits of the § 2255 motion. Thus, as in the context of an appeal, *the government receives the benefit of its bargain* on collateral review, as it is allowed to raise the appeal waiver issue if it so desires.

*Poindexter*, 492 F.3d at 271-72 (emphasis added).

In this case, the Government both raised the appeal waiver and addressed the merits of Movant's § 2255 motion. Because the "government receives the benefit of its bargain on collateral review, as it is allowed to raise the appeal waiver issue if it so desires," the court concludes that Movant's breach of the plea agreement by filing his § 2255 motion was not a material breach. Movant's filing of a § 2255 motion on waived grounds does not, therefore, trigger the breach provisions of Paragraph 6 of the plea agreement for the purpose of voiding the Government's obligation under Paragraph 12. Accordingly, the Government remains obligated to move for a Rule 35(b) reduction if Movant has provided substantial assistance.

## IV. Conclusion

Based on the foregoing, should the Government determine that Movant has provided substantial assistance, the Government is hereby directed to file a Rule 35(b) motion. The Government may make any other filing as is appropriate in response to Movant's motion to compel a Rule 35(b) motion (ECF No. 106).

The Rule 35(b) motion or other filing shall be made within twenty-one days of the entry of this order.[3]

**IT IS SO ORDERED.**

s/ Margaret B. Seymour  
Margaret B. Seymour  
Senior United States District Judge

March 17, 2015  
Columbia, South Carolina

---

[3] The Government is "the appropriate party" to determine whether Movant has provided substantial assistance and is vested with wide discretion in making its decision. *See United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000). The Government's determination can only be reviewed for bad faith or unconstitutional motive. *Id*. The court undertakes no such review in this opinion and makes no judgment as to whether Movant did, in fact, provide substantial assistance warranting a Rule 35(b) motion.

9